IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HEATHER RICHEY, *individually and on behalf of all those similarly situated,*<br><br>and<br><br>GLORIA FERDINAND, *individually and on behalf of all those similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>NBT BANCORP INC.<br>52 S Broad St<br>Norwich, New York 13815<br><br>Defendant. | No.: 6:24-CV-0362 (GTS/MJK)<br><br>INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FLSA<br><br>INDIVIDUAL AND CLASS ACTION FOR UNPAID OVERTIME WAGES UNDER NEW YORK LABOR LAW<br><br>INDIVIDUAL AND CLASS ACTION FOR UNPAID WAGES UNDER NEW YORK COMMON LAW<br><br>**JURY TRIAL DEMANDED** |

## INDIVIDUAL, COLLECTIVE, AND CLASS ACTION COMPLAINT

Named Plaintiffs Heather Richey ("Named Plaintiff Richey") and Gloria Ferdinand ("Named Plaintiff Ferdinand") (hereinafter collectively referred to as "Named Plaintiffs"), individually and on behalf of all those similarly situated, by and through undersigned counsel, hereby complain as follows against Defendant NBT Bancorp Inc. (hereinafter referred to as "Defendant").

### INTRODUCTION

1. Named Plaintiff Richey has initiated the instant action to redress Defendant's violations of the Fair Labor Standards Act ("FLSA"). Named Plaintiff Richey asserts that Defendant failed to pay her and those similarly situated owed overtime wages in violation of the FLSA.

1

2. Named Plaintiffs have further initiated the instant action to redress Defendant's violations of the New York Labor Law ("NYLL") and the common law of New York ("New York Common Law"). Named Plaintiffs assert that Defendant failed to pay Named Plaintiffs and those similarly situated owed overtime wages in violation of the NYLL and owed non-overtime wages in violation of the and New York Common Law.

## JURISDICTION AND VENUE

3. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

4. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

5. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA. This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

6. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

7. The foregoing paragraphs are incorporated herein as if set forth in full.

8. Named Plaintiff Richey is an adult individual who lives in and worked for Defendant in New York.

9. Named Plaintiff Ferdinand is an adult individual who lives in and worked for Defendant in New York.

10. Defendant is a company doing business in New York and maintains its headquarters at the address set forth above.

11. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. In addition to bringing this action individually, Named Plaintiff Richey bring this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), individually and on behalf of individuals whom Defendant currently or formerly employed as Tellers, Bankers, and in other non-exempt, hourly positions, who, at any point during the period beginning three (3) years preceding the date the instant action was initiated and continuing through the present, received wages from Defendant for a workweek during which they were subject to Defendant's pay practices and policies described herein (hereinafter the members of this putative class are referred to as "Collective Plaintiffs").

13. Named Plaintiff Richey's claims are typical of the claims of the Collective Plaintiffs because Named Plaintiff Richey, like all Collective Plaintiffs, was a non-exempt, hourly employee of Defendant within the last three years and subject to the pay practices and policies described herein whom Defendant failed to pay at least one and one-half times the regular rate for all hours worked more than 40 hours in a workweek as required by the FLSA.

14. There are numerous similarly situated current and former employees of Defendant whom Defendant failed to pay all earned overtime wages in violation of the FLSA and who

would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

15. Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

16. Therefore, Named Plaintiff Richey should be permitted to bring this action as a collective action individually and on behalf of those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS
### (New York Labor Law)

17. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

18. Named Plaintiffs brings their claims asserting violations of the NYLL individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of individuals whom Defendant currently or formerly employed as Tellers, Bankers, and in other non-exempt, hourly positions, who, at any point during the period beginning six (6) years preceding the date the instant action was initiated and continuing through the present, received wages from Defendant for a workweek during which they were subject to Defendant's pay practices and policies described herein (hereinafter the members of this putative class are referred to as "NYLL Class Plaintiffs").

19. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiffs do not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is estimated to be more than forty (40) employees.

20. Named Plaintiffs' claims are typical of the claims of the putative class members because Named Plaintiffs, like all NYLL Plaintiffs, were non-exempt, hourly employees of

Defendant during the six (6) years preceding the filing of this action and subject to the pay practices and policies described herein and whom Defendant failed to pay at least one and one-half times the regular rate for all hours worked more than 40 hours in a workweek as required by the NYLL.

21. Named Plaintiffs will fairly and adequately protect the interests of the putative class because Named Plaintiffs' interests are coincident with, and not antagonistic to, those of the class. Named Plaintiffs have retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

22. Defendant has acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole insofar as Defendant has applied consistent unlawful wage policies to the entire class and have refused to end these policies.

23. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

24. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendant.

25. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are whether Defendant failed to pay Named Plaintiffs and NYLL Plaintiffs overtime wages for time spent performing the off-the-clock work described herein during workweeks in which they worked more than 40 hours per workweek when such unpaid time is included.

## CLASS ACTION ALLEGATIONS
### (New York Common Law)

26. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

27. Named Plaintiffs bring their claims asserting violations of New York Common Law individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of individuals whom Defendant currently or formerly employed as Tellers, Bankers, and in other non-exempt, hourly positions, who, at any point during the period beginning six (6) years preceding the date the instant action was initiated and continuing through the present, received wages from Defendant for a workweek during which they were subject to Defendant's pay practices and policies described herein (hereinafter the members of this putative class are referred to as "NY Common Law Plaintiffs").

28. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiffs do not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is estimated to be more than forty (40) employees.

29. Named Plaintiffs' claims are typical of the claims of the putative class members, because Named Plaintiffs, like all NY Common Law Plaintiffs, were hourly employees whom Defendant required to perform the off-the-clock work described herein without compensation.

30. Named Plaintiffs will fairly and adequately protect the interests of the putative class because Named Plaintiffs' interests are coincident with, and not antagonistic to, those of the class. Named Plaintiffs have retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

31. Defendant has acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole insofar as Defendant has applied consistent unlawful wage policies to the entire class and have refused to end these policies.

32. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendant.

34. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are: 1) whether Defendant failed to pay Named Plaintiffs and NY Common Law Plaintiffs wages for time spent performing the off-the-

clock work described herein; 2) whether express contracts or implied contracts existed between Defendant and NY Common Law Plaintiffs, 3) whether Defendant breached and violated its contracts with NY Common Law Plaintiffs; 4) whether Defendant is liable to NY Common Law Plaintiffs pursuant to quantum meruit; and 5) whether Defendant has been unjustly enriched by its failure to pay NY Common Law Plaintiffs for performing the off-the-clock work described herein.

## FACTUAL BACKGROUND

35. The foregoing paragraphs are incorporated herein as if set forth in full.

36. Hereinafter, Collective Plaintiffs, NYLL Plaintiffs, and NY Common Law Plaintiffs, collectively are referred to as "Class Plaintiffs."

37. For around two years ending in or around the late winter or spring of 2021, Defendant employed Named Plaintiff Richey as a Teller in New York.

38. For around eight years ending in or around March 2018, Defendant employed Named Plaintiff Ferdinand as a Teller or Head Teller in New York.

39. Throughout Named Plaintiffs' employment, Defendant paid them an hourly rate.

40. Class Plaintiffs worked/work for Defendant as Tellers, Bankers, and/or in other non-exempt, hourly positions subject to Defendant's practices and policies described herein.

41. Defendant paid/pays Class Plaintiffs hourly rates.

42. Named Plaintiffs regularly worked more than 40 hours in a workweek, inclusive of both the time recorded by Defendant's timekeeping system and the time spent performing the off-the-clock work described herein.

43. Collective Plaintiffs and NYLL Plaintiffs regularly worked/work more than 40 hours in a workweek, inclusive of both the time recorded by Defendant's timekeeping system and the time spent performing the off-the-clock work described herein.

44. During the period beginning six years prior to the filing of the instant action, Named Plaintiffs each worked at least one workweek in which the hours worked Defendant recorded were fewer than 40 and they performed the off-the-clock work described herein.

45. During the period beginning six years prior to the filing of the instant action, NY Common Law Plaintiffs each worked at least one workweek in which the work hours Defendant recorded were fewer than 40 and they performed the off-the-clock work described herein.

### **Unpaid Off-the-Clock Work**

#### Opening Procedures

46. The foregoing paragraphs are incorporated herein as if set forth in full.

47. Defendant's policies required/require that at least two employees perform specific procedures to open its branches each day its branches are open for business.

48. Defendant routinely required/requires Named Plaintiffs and Class Plaintiffs (hereinafter collectively referred to as "Plaintiffs") to perform said procedures.

49. Per Defendant's policies and procedures, the employees who were/are assigned to open the bank, including Plaintiffs, were/are required to engage in significant security procedures, both inside and outside the building, prior to being permitted to clock-in to Defendant's timekeeping system.[1]

---

[1] Named Plaintiffs have opted not to explicitly list each procedure that Defendant require/required as part of the opening and closing procedures because doing so could potentially expose Defendant to security risks. Should this Court or Defendant seek Named Plaintiffs to provide more detailed information regarding these activities, Named Plaintiffs are prepared to do so.

### Accessing the Time Clock Program

50. The foregoing paragraphs are incorporated herein as if set forth in full.

51. Prior to clocking into Defendant's timekeeping system, Plaintiffs were/are required to boot up or wake up their work computer, log into to their work computer, open the timekeeping program, log into the timekeeping program, and finally clock-in.

### Closing Procedures

52. The foregoing paragraphs are incorporated herein as if set forth in full.

53. Defendant's policies required/require that at least two employees perform specific procedures to close its branches each day its branches are open for business.

54. Defendant routinely required/requires Plaintiffs to assist in performing said procedures.

55. Per Defendant's policies and procedures, the employees who were/are assigned to close the bank, including Plaintiffs, were/are required to engage in security procedures, both inside and outside the building, after clocking out of Defendant's timekeeping system.

### **Defendant's Failure to Pay Wages for Off-the-Clock Work**

56. The foregoing paragraphs are incorporated herein as if set forth in full.

57. Defendant paid/pays Plaintiffs only for the time they were/are clocked into Defendant's timekeeping system.

58. None of the time Plaintiffs spent/spend engaging in the above-described off-the-clock work was/is paid by Defendant.

59. Much of this uncompensated time consists of time worked more than 40 hours in a workweek.

60. By failing to pay Named Plaintiffs, Collective Plaintiffs, and NYLL Plaintiffs for time spent performing the off-the-clock work, Defendant failed/fails to pay them at least one and one-half times their regular rates for all hours worked more than 40 hours in a workweek.

61. By failing to pay Named Plaintiffs NY Common Law Plaintiffs for time spent performing the off-the-clock work in workweeks when they worked/work fewer than 40 hours according to Defendant's records, Defendant failed/fails to pay them wages earned for all hours worked during a workweek.

62. The aforementioned conduct has caused Plaintiffs to suffer damages.

## COUNT I
## Violations of the Fair Labor Standards Act ("FLSA")
### (Failure to Pay Overtime Wages)
### (Named Plaintiff Richey and Collective Plaintiffs v. Defendant)

63. The foregoing paragraphs are incorporated herein as if set forth in full.

64. At all times relevant herein, Defendant is/was an employer within the meaning of the FLSA.

65. At all times relevant herein, Defendant is/was responsible for paying wages to Named Plaintiff Richey and Collective Plaintiffs.

66. At all times relevant herein, Named Plaintiff Richey and Collective Plaintiffs were/are employed with Defendant as "employees" within the meaning of the FLSA.

67. Under the FLSA, an employer must pay an employee at least one and one-half times his or her regular rate for each hour worked more than 40 hours in a workweek.

68. Defendant's violations of the FLSA include, but are not limited to, not paying Named Plaintiff Richey and Collective Plaintiffs earned overtime wages for overtime hours spent performing work prior to clocking in and/or after clocking out of Defendant's timekeeping system.

69. Defendant's conduct in failing to pay Named Plaintiff Richey and Collective Plaintiffs properly under the FLSA was and is willful and was not based upon any reasonable interpretation of the law.

70. As a result of Defendant's unlawful conduct, Named Plaintiff Richey and Collective Plaintiffs have suffered damages as set forth herein.

**COUNT II**
**Violations of the New York Labor Law ("NYLL")**
**(Failure to Pay Overtime Wages)**
**(Named Plaintiffs and NYLL Plaintiffs v. Defendant)**

71. The foregoing paragraphs are incorporated herein as if set forth in full.

72. At all times relevant herein, Defendant was and continues to be an "employer" within the meaning of the NYLL.

73. At all times relevant herein, Defendant is/was responsible for paying wages to Named Plaintiffs and NYLL Plaintiffs.

74. At all times relevant herein, Named Plaintiffs and NYLL Plaintiffs are/were employed with Defendant as "employees" within the meaning of the NYLL.

75. Under the NYLL, an employer must pay an employee at least one and one-half times his or her regular rate for each hour worked more than 40 hours in a workweek.

76. Defendant's violations of the NYLL include, but are not limited to, not paying Named Plaintiffs and NYLL Plaintiffs earned overtime wages for overtime hours spent performing work prior to clocking in and/or after clocking out of Defendant's timekeeping system.

77. Defendant's conduct in failing to pay Named Plaintiffs and NYLL Plaintiffs properly under the NYLL was and is willful and was not based upon any reasonable interpretation of the law.

78. As a result of Defendant's unlawful conduct, Named Plaintiffs and NYLL Plaintiffs have suffered damages as set forth herein.

### COUNT III
### Violations of New York Common Law
### (Named Plaintiffs and NY Common Law Plaintiffs v. Defendant)
### Quantum Meruit / Unjust Enrichment

79. The foregoing paragraphs are incorporated herein as if set forth in full.

80. Defendant failed to pay Named Plaintiffs and NY Common Law Plaintiffs their hourly wages for non-overtime hours (*i.e.,* hours worked between 1 and 40 hours in a workweek) spent performing work prior to clocking in and/or after clocking out of Defendant's timekeeping system..

81. Named Plaintiffs and NY Common Law Plaintiffs reasonably expected Defendant to compensate them from the time they began performing the opening procedures to the time they completed performing the closing procedures.

82. Defendant recognized the benefits conferred upon it by Named Plaintiffs and NY Common Law Plaintiffs performing the opening and closing procedures.

83. Defendant accepted and retained the benefits under circumstances that would render such retention inequitable.

84. Defendant has thereby been unjustly enriched and Named Plaintiffs and NY Common Law Plaintiffs have suffered damages.

**WHEREFORE**, Named Plaintiffs, Collective Plaintiffs, NYLL Plaintiffs, and NY Common Law Plaintiffs pray that this Court enter an Order providing that:

(1) Defendant is to compensate, reimburse, and make Named Plaintiffs, Collective Plaintiffs, NYLL Plaintiffs, and NY Common Law Plaintiffs whole for any and all pay and

benefits they would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings;

(2) Named Plaintiff Richey and Collective Plaintiffs are to be awarded liquidated damages under the FLSA in an amount equal to the actual damages in this case;

(3) Named Plaintiffs and NYLL Plaintiffs are to be awarded liquidated damages under the NYLL in an amount equal to the actual damages in this case;

(4) Named Plaintiffs, Collective Plaintiffs, and NYLL Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law.

(5) Named Plaintiffs and NY Common Law Plaintiffs are to be awarded compensatory damages, pre-judgment and post-judgment interest at the applicable legal rate due to Defendant's breach of the contracts and/or unjust enrichment and/or quantum meruit;

(6) Named Plaintiffs', Collective Plaintiffs', NYLL Plaintiffs', and NY Common Law Plaintiffs' claims are to receive a trial by jury.

Respectfully Submitted,

*/s/ Matthew Miller*
Matthew D. Miller, Esq.
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
9 Tanner Street, Suite 101
Haddonfield, NJ 08033
Phone: (856) 685-7420
Fax: (856) 685-7417

Date:  March 15, 2024